

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-26-00037-CV

———————————————

MICHAEL SMITH AND EVAN SHAW, Appellants

V.

GNS PROPERTIES, INC., A TEXAS CORPORATION, Appellee

---

On Appeal from County Court at Law No. 1
Tarrant County, Texas
Trial Court No. 2025-005740-1

---

Before Sudderth, C.J.; Kerr and Walker, JJ.
Memorandum Opinion by Justice Walker

**MEMORANDUM OPINION**

Appellants Michael Smith and Evan Shaw attempt to appeal the trial court's "Order to Withdraw Deposit" following a condemnation proceeding. Appellee GNS Property, Inc. moved to dismiss the appeal for lack of jurisdiction. We will grant the motion and dismiss the appeal.

The land-condemnation process in Texas involves several steps. If the condemnor and condemnee cannot agree on the condemned property's value, the condemnor must file a petition in condemnation in the trial court (either the district court or the county court at law). Tex. Prop. Code § 21.003. The trial court will then appoint three special commissioners who hold an administrative hearing and file in the trial court an award that reflects the special commissioners' determination of the condemned land's value. *Id.* §§ 21.014, .015, .018. The condemnor must pay the awarded amount to the condemnee or deposit it in the trial court's registry. *Id.* § 21.021. A party dissatisfied with the award may file objections with the trial court. *Id.* § 21.018(a).

A property owner's withdrawal of the condemnation deposit does not waive or extinguish pending objections to the compensation's adequacy. *See State v. Jackson*, 388 S.W.2d 924, 925 (Tex. 1965); *see also Coastal Indus. Water Auth. v. Celanese Corp. of Am.*, 592 S.W.2d 597, 599 (Tex. 1979) (holding that landowner who withdrew the special commissioners' award from the trial court's registry waived its challenge to the condemnor's right to take the subject property but could continue to litigate the

compensation issue). After a property owner withdraws the award, the only remaining issue is the compensation's adequacy. *Hubenak v. San Jacinto Gas Transmission Co.*, 141 S.W.3d 172, 181–82 (Tex. 2004). And after citing the adverse party, the trial court will try the case in the same manner as other civil cases. Tex. Prop. Code § 21.018(b).

Here, the State of Texas (the State) petitioned to condemn real property owned by Appellants and Appellee,[1] and the trial court appointed special commissioners to assess the property's value. Following a hearing, the special commissioners awarded $1,601,121 to Appellants and Appellee. The State deposited the awarded amount into the trial court's registry.

Contending that it had not been awarded adequate compensation and that the special commissioners had "failed to apply the correct measure of damages in determining the adequate compensation," Appellee timely objected to the award and demanded a jury trial.[2] Appellants applied for disbursement of the award,[3] and

---

[1] Appellee owned the real property, and Appellants owned an outdoor advertising sign located on the property.

[2] Appellee's objection was limited to the issue of adequate compensation. It did not challenge the State's authority to condemn the property.

[3] Appellee responded to Appellants' application for disbursement and argued that (1) "the State ha[d] already acquired and compensated [Appellants] for their outdoor advertising sign" pursuant to a quit-claim deed and (2) the special commissioners' award was "based on compensation due to [Appellee] for its property interests."

Appellee moved to withdraw the deposited award. Following a hearing, the trial court denied Appellants' application for disbursement and granted Appellee's motion to withdraw the award.[4] Appellants filed this appeal.

Generally, appeals may be taken only from final judgments or interlocutory orders authorized by statute. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195, 200 (Tex. 2001) (discussing final judgments); Tex. Civ. Prac. & Rem. Code § 51.014 (listing interlocutory orders). A final judgment is one that (1) "actually disposes of every pending claim and party" or (2) "clearly and unequivocally states that it finally disposes of all claims and all parties." *Lehmann*, 39 S.W.3d at 205. s

Here, the trial court's order grants Appellee's motion to withdraw funds from the court's registry, but it does not purport to resolve the underlying controversy of the compensation's adequacy. In other words, Appellee demanded a jury trial on the adequacy of the State's compensation, and the record reflects that this issue has not yet been adjudicated. The withdrawal order also is not immediately appealable by statute, does not state with unmistakable clarity that it is a final judgment, and does not contain any finality language. *See id.* at 192–93; Tex. Civ. Prac. & Rem. Code § 51.014(a).

---

[4]Appellants' motion for new trial was overruled by operation of law.

4

We hold that the trial court's order is neither a final judgment nor an appealable interlocutory order; thus, we lack jurisdiction over it. *See Lehmann*, 39 S.W.3d at 192–93. Accordingly, we grant Appellee's motion and dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

/s/ Brian Walker

Brian Walker
Justice

Delivered: July 9, 2026